**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4235**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JOHN EDWARD HAYES,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:14-cr-00577-RDB-1)

Submitted: March 7, 2018          Decided: March 12, 2018

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth E. McPherson, KENNETH E. MCPHERSON, CHTD., Riverdale, Maryland, for Appellant. Paul Michael Cunningham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Edward Hayes appeals from his convictions and the 209-month sentence imposed after he pled guilty pursuant to a plea agreement to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d); using, carrying, and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Hayes's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred when it denied Hayes's motion to suppress and motion to dismiss the § 924(c)(1)(A) charge. Hayes has not filed a pro se supplemental brief, despite receiving notice of his right to do so.

We asked the parties to file supplemental briefs addressing whether the district court committed plain error in failing to consider Hayes's financial resources and assets before ordering Hayes to pay restitution immediately. The Government agreed that the district court erred and filed an unopposed motion to remand so the district court could issue a restitution order supported by the factual record. We granted the motion, vacated the restitution order, and remanded the case to allow the district court to consider Hayes's financial resources and assets. The case has been returned to us for further consideration. Finding no reversible error, we affirm.

In the *Anders* brief, counsel questions whether the district court erred in denying Hayes's motion to suppress statements Hayes made during police interrogation and while he was under the influence of medication. We review the factual findings underlying a motion to suppress for clear error and review the legal determinations de novo. *See United*

2

*States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016). After reviewing a video recording of Hayes's interrogation and considering the testimony presented at the suppression hearing, the district court determined that Hayes was sober, alert, and coherent during the interrogation. We agree with the district court and find no error in its decision to deny Hayes's motion to suppress. *See, e.g.*, *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) ("When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." (internal quotation marks and brackets omitted)).

Counsel also asserts that, in denying Hayes's motion to dismiss, the district court erred by finding that armed bank robbery under § 2113 is a crime of violence necessary to support Hayes's § 924(c)(1)(A) conviction. We review for clear error the district court's factual findings on a motion to dismiss an indictment, but we review its legal conclusions de novo. *See United States v. Hosford*, 843 F.3d 161, 163 (4th Cir. 2016). We recently held that bank robbery under § 2113(a) and armed bank robbery under § 2113(d) both qualify as crimes of violence under the force clause in 18 U.S.C. § 924(c)(3). *See United States v. McNeal*, 818 F.3d 141, 151–53, 157 (4th Cir. 2016). We thus discern no error in the district court's decision.

We also find no error in the restitution order the district court issued on remand. Before ordering restitution, the district court had a duty to consider Hayes's economic circumstances to determine "the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2); *see id.* §§ 3664(a), 3664A(d). Thus,

3

the court was required to consider Hayes's assets, projected earnings, other sources of income, and any financial obligations, including obligations to dependents. *See id.* § 3664(f)(2). After considering Hayes's economic circumstances, the district court was also required to fashion a restitution order consistent with Hayes's ability to pay. *See id.* § 3664(f)(3)(A). We have reviewed the district court's order granting the parties' joint motion to amend judgment, as well as its January 12, 2018 amended judgment, and conclude that the district court satisfied the requirements set forth in § 3664.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's January 12, 2018 amended judgment. This court requires counsel to inform Hayes, in writing, of the right to petition the Supreme Court of the United States for further review. If Hayes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Hayes. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*